UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEJANDRO JOEL REYES and JOSE SALAZAR
individually and on behalf of other persons
similarly situated,

Case No.

Plaintiff,

- against -

CLASS ACTION COMPLAINT

Jury Trial Demanded

DOVER SEASIDE CLAM BAR INC.; DOVER
SANDS LLC d/b/a SANDS ON LIDO BEACH;
DOVER SANDS INC.; DOVER MALIBU INC.
d/b/a **MALIBU SHORE CLUB** and/or
MALIBLUE; DOVER GOURMET CORP.; ISAAC
"BUTCH" YAMALI; or any other related entity.

Defendants.

Plaintiffs, by their attorneys Leeds Brown Law, P.C., allege upon knowledge to

themselves and upon information and belief as to all other matters as follows:

PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act (hereinafter

referred to as "FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law Article 19 §

650 *et seq.,* New York Labor Law Article 6 §§ 190 *et seq.,* 12 New York Codes, Rules, and

Regulations (hereinafter referred to as "NYCRR") §§ 146-1.2, 142-1.4, 146-1.6 146-2.5 & 146-

2.6, to recover unpaid wages, overtime wages, spread of hour compensation and other amounts

owed to Plaintiffs and all similarly situated persons who are presently or were formerly

employed by DOVER SEASIDE CLAM BAR INC.; DOVER SANDS LLC d/b/a SANDS ON

LIDO BEACH; DOVER SANDS INC.; DOVER MALIBU INC. d/b/a MALIBU SHORE

CLUB and/or MALIBLUE; DOVER GOURMET CORP.; ISAAC "BUTCH" YAMALI; or any

related entity, (hereinafter collectively referred to as "DOVER" or "Defendants").

2.      Beginning in approximately April 2007 and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiffs and other similarly situated individuals who worked for Defendants as cooks, chefs, kitchen workers, food attendants, restaurant workers, cafeteria workers, cleaners, picnic attendants, bussers, servers, and other nonexempt categories.

3.      Upon information and belief, beginning in approximately April 2007 and continuing through the present, Defendants have willfully failed to compensate Plaintiffs and others similarly situated individuals with all overtime wages, all hours worked, spread of hours compensation, and amounts owed under NYLL or the FLSA.

4.      Upon information and belief, beginning in approximately April 2007 and continuing through the present, Defendants have failed to provide minimum wages, overtime and spread of hours compensation to Plaintiffs and others similarly situated for all hours worked in excess of 40 hours in any given week.

5.      Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages and overtime compensation, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

6.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

7.      Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims

occurred in the Eastern District of New York.

## THE PARTIES

8.      Plaintiff ALEJANDRO JOEL REYES is an individual who is currently a resident of Amityville, New York and was employed by Defendants from approximately May 2011 through October 2011 and May 2012 through October 2012 as a food preparer, dishwasher and cook at Defendants' Malibu and Long Island University at Brentwood locations.

9.      Plaintiff JOSE SALAZAR is an individual who is currently a resident of Amityville, New York and was employed by Defendants from approximately May 2010 through approximately September 2010, May 2011 through approximately September 2011, and May 2012 until approximately in or around January 2013 .as a food preparer, cook, food attendant, dishwasher, picnic attendant, cleaner, busser, and cafeteria worker at Defendants' Malibu, Sands, Nassau County Medical Center Cafeteria, Dover Coffee Shop, Waterhouse, Plainview warehouse and various privately-catered picnic locations.

10.     Upon information and belief, Defendant DOVER SEASIDE CLAM BAR INC., is a domestic corporation organized and existing under the laws of New York, with its principal place of business at 11 Skyline Drive, Plainview, New York 11803 and is engaged in the catering and restaurant business.

11.     Upon information and belief, Defendant DOVER SANDS LLC d/b/a SANDS ON LIDO BEACH is a domestic limited liability company organized and existing under the laws of New York, with its principal place of business at 710 Lido Blvd, Lido Beach, New York 11561 and is engaged in the catering and restaurant business.

12.     Upon information and belief, Defendant DOVER SANDS INC. is a domestic corporation organized and existing under the laws of New York, with its principal places of

business at 710 Lido Blvd, Lido Beach, New York 11561 and 11 Skyline Drive, Plainview, New York 11803, and is engaged in the catering and restaurant business.

13.    Upon information and belief, Defendant DOVER MALIBU INC. d/b/a MALIBU SHORE CLUB and/or MALIBLUE, is a domestic corporation organized and existing under the laws of New York, with its principal places of business at 1500 Lido Blvd, Lido Beach, New York 11561 and 11 Skyline Drive, Plainview, New York 11803, and is engaged in the catering and restaurant business.

14.    Upon information and belief, Defendant DOVER GOURMENT CORP., is a domestic corporation organized and existing under the laws of New York, with its principal place of business at 11 Skyline Drive, Plainview, New York 11803, and is engaged in the catering and restaurant business.

15.    Upon information and belief, ISAAC "BUTCH" YAMALI is resident of New York and is an owner/operator of DOVER SEASIDE CLAM BAR INC.; DOVER SANDS LLC d/b/a SANDS ON LIDO BEACH; DOVER SANDS INC.; DOVER MALIBU INC.; DOVER GOURMET CORP.; and other related entities and makes all relevant employment decisions related to employees at DOVER.

16.    Upon information and belief, Defendants operate DOVER SEASIDE CLAM BAR INC.; DOVER SANDS LLC d/b/a SANDS ON LIDO BEACH; DOVER SANDS INC.; DOVER MALIBU INC.; DOVER GOURMET CORP.; and other related entities as a joint employer, who employs a staff of workers engaged in the catering and restaurant business at Defendants' facilities and locations.

17.    Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or

produced for interstate commerce.

18.     Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

<u>CLASS ALLEGATIONS</u>

19.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 18 hereof.

20.     This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

21.     This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who worked for Defendants at their restaurant and catering facilities as cooks, chefs, kitchen workers, food attendants, restaurant workers, cafeteria workers, bussers, servers, and others in non-exempt categories.

22.     Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and / or plan to violate the FLSA by failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23.     Plaintiffs and potential plaintiffs who are allowed to participate in this action are all victims of the Defendants' common policy and / or plan to violate NYLL, including   (1) failing to pay wages for all hours worked by Plaintiffs and other members of the putative collective action; (2) failing to pay overtime compensation under NYLL; (3) failing to pay Spread of Hours compensation for all hours worked above 10 hours in a given work day, as required by 12 NYCRR 146-1.6 ("Hospitality Wage. Order"); and (4) failing to provide proper

notice of wages and rates.

24.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

25.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, (1) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of 40 hours in any given week in violation of federal and state law; (2) whether the Defendants failed to pay wages for all hours worked, and (3) whether the Defendants failed to pay Spread of Hours compensation as required under the Hospitality Wage Order.

26.     The claims of the Named Plaintiffs are typical of the claims of the putative class. The Plaintiffs and putative class members were all subject to Defendants' policies and willful practices of failing to pay all earned overtime wages, failing to provide spread of hours compensation, and refusing to pay employees all wages owed. The Plaintiffs and the putative class members thus have sustained similar injuries as a result of the Defendants' actions.

27.     Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

28.     Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

30.     A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

31.     Upon information and belief, beginning in or around April 2007, Defendants employed numerous individuals at their restaurant and catering facilities or locations as cooks, chefs, kitchen workers, food attendants, restaurant workers, cafeteria workers, cleaners, picnic attendants, and other non-exempt categories.

32.     Upon information and belief, Defendants employ a staff of no less than 100 employees over the last six years who engage in catering and restaurant related capacities at Defendants' locations — including Malibu Shore Club, MaliBlue Oyster Bar, Malibu, The Sands, Coral House, Dover Coffee Shop, Nassau County Medical Center cafeteria, Plainview, The Waterhouse, various picnic catering locations, and Long Island University at Brentwood ("Brentwood") campus cafeteria.

33.     Upon information and belief, Defendants regularly employ individuals who work at numerous locations or facilities yet receive a paycheck from one business entity.

34.     Plaintiffs and other similarly situated individuals that Plaintiffs spoke to who worked at other locations received paychecks from one business entity — regardless of the location they worked.

35.     Plaintiff REYES received paychecks from "Dover Seaside Clam Bar Inc" regardless of whether he performed worked at the Maliblue Oyster Bar, Malibu, Sands, or the Brentwood location.

36.     Plaintiff SALAZAAR received paychecks from "Dover Seaside Clam Bar Inc" regardless of whether he performed work at Maliblue Oyster Bar, Malibu, Sands, Coral House,

Nassau County Medical Center cafeteria, Dover Coffee Shop, the warehouse in Plainview, or various picnic locations catered by Defendants.

37.     Upon information and belief, no less than 100 non-exempt employees received paychecks from "Dover Seaside Clam Bar Inc".

38.     Throughout the last six years, Defendants employed no less than 100 non-exempt employees to prepare or assist in food preparation.

39.     Plaintiffs, and upon information and belief as to members of the putative class, were regularly required to perform work for Defendants without receiving wages for all hours worked, nor overtime compensation for all hours worked over 40 each week.

40.     Plaintiff REYES worked for Defendants as a food preparer, dishwasher and cook during two seasons from May until October 2011 and 2012. Plaintiff REYES worked at Defendants' location at Maliblue Oyster Bar (a.k.a. Malibu) for between typically six (6) and seven (7) days per week. Plaintiff REYES worked an additional six (6) days per season at the Sands location and three (3) days during his employment at the Brentwood location.

41.     Plaintiff REYES typically worked from 9:00 a.m. to 11:00 p.m. or midnight six (6) to seven (7) days per week during the 2011 season, for approximately 75 to 90 hours of work in a typical week. During the 2012 season, Plaintiff REYES typically worked 5 to 10 fewer hours per week than he did in the 2011 season.

42.     Plaintiff REYES was typically required to work through his scheduled lunch break. However, his paychecks or compensation reflected that the lunch break had been taken out of his pay. This typically amounted to 30 minutes per day.

43.     Plaintiff REYES was not paid for all hours of work. His paystubs, paychecks and compensation indicated that he had not been compensated for all hours that he worked.

44.     Plaintiff REYES was typically shorted between 6 and 10 hours per week.

45.     Plaintiff REYES routinely worked more than 40 hours each week, but did not receive overtime wages at time and one-half his regular hourly wage for all the hours over 40 that he worked.

46.     Plaintiff REYES was only paid a flat hourly rate, typically $9 per hour, regardless of the total amount of hours that he worked.

47.     Plaintiff REYES was paid $9.00 per hour, despite having agreed to work for $9.50 per hour when initially hired.

48.     Plaintiff REYES was paid for the first 40 hours in check and his additional hours over 40 would be paid in cash at the regular rate — not at time and a half compensation.

49.     While employed by Defendants, Plaintiff REYES did not have any managerial duties. He was not responsible for decisions regarding the hiring, firing, demotion or promotion of employees. Plaintiff REYES did not exercise independent judgment and discretion on matters of significance while employed by Defendants.

50.     Plaintiff SALAZAAR worked for Defendants as a food preparer, cook, food attendant, dishwasher, picnic attendant, cleaner, busser, and cafeteria worker May 2010 through September 2010, May 2011 through September 2011, and May 2012 until approximately in or around January 2013. Plaintiff SALAZAAR worked at Defendants' location at Maliblue Oyster Bar, Malibu, Sands, Coral House, Nassau County Medical Center cafeteria, Dover Coffee Shop, The Waterhouse, the warehouse in Plainview and various picnic locations for between typically six (6) and seven (7) days per week.

51.     Plaintiff SALAZAAR typically worked from 9:00 a.m. to approximately midnight six (6) or seven (7) days per week during the 2010, 2011 and 2012 summer season, for

approximately 75 to 90 hours of work in a typical week. During the 2011 and 2012 non-peak seasons, Plaintiff SALAZAAR typically worked 5 to 10 hours fewer than he worked in the summer season.

52.    Plaintiff SALAZAAR was typically required to work through his scheduled lunch break. However, his paychecks or compensation reflected that the lunch break had been taken out of his pay. This typically amounted to 30 minutes per day.

53.    Plaintiff SALAZAAR was not paid for all hours of work. His paystubs, paychecks or compensation indicated that he had not been compensated for all hours that he worked.

54.    Plaintiff SALAZAAR was typically shorted between 3 and 10 hours per week, depending upon the season and the year.

55.    Plaintiff SALAZAAR routinely worked more than 40 hours each week, but did not receive overtime wages at time and one-half his regular hourly wage for all the hours over 40 that he worked.

56.    As reflected on his, paychecks, Plaintiff SALAZAAR was only paid a flat hourly rate, typically $9 per hour, regardless of the total amount of hours that he worked.

57.    During 2010 and 2011, Plaintiff SALAZAAR was paid for the first 40 hours in check and his additional hours over 40 would be paid in cash at the regular rate — not at time and a half compensation.

58.    During 2012, Plaintiff SALAZAAR received paychecks that showed him working over 40 hours per week at a flat rate. For example, his Sept. 7, 2012 paystub showed him receiving a flat $9.00 per hour for 70 hours of work.

59.    While employed by Defendants, Plaintiff SALAZAAR did not have any managerial duties. He was not responsible for decisions regarding the hiring, firing, demotion or

promotion of employees. Plaintiff SALAZAAR did not exercise independent judgment and discretion on matters of significance while employed by Defendants.

60.     The payments made to Plaintiffs and other members of the putative class by Defendants constitute "wages" as that term is defined under Article 6 and Article 19 of the New York Labor Law.

61.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

62.     Plaintiffs repeat and re-allege the allegations set forth in paragraph 1 through 61 hereof.

63.     Pursuant to 29 U.S.0 § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

64.     Defendants violated the FLSA by failing to pay Plaintiffs and other members of the putative collective action overtime wages at a rate of one and one-half times the normal rate of pay for all hours worked over 40 in any given week.

65.     Plaintiff REYES was typically not paid between approximately 30 and 50 hours of overtime per week. He was paid only a flat rate of $9 per hour regardless of the total amount of hours that he worked.

66.     Plaintiff SALAZAAR was typically not paid between approximately 30 and 50 hours of overtime per week during the summer season. He was paid only a flat rate of $9 per hour regardless of the total amount of hours that he worked.

67.     DOVER, is an employer, within the meaning contemplated under U.S.C. § 203(d).

68.     Upon information and belief, under 29 U.S.0 § 201, *et seq.,* and the cases interpreting the same, Defendants constitutes an "enterprise engaged in commerce."

69.     Defendants jointly employed numerous non-exempt workers in furtherance of their catering and restaurant business.

70.     ISAAC "BUTCH" YAMALI, is an employer within the meaning contemplated under U. S .C. § 203(d).

71.     Upon information and belief, Defendant ISAAC "BUTCH" YAMALI (1) controlled the rate of pay, (2) set the work schedule, (3) determined the terms and conditions and employment, and (4) maintained employment records for Plaintiffs and all members of the putative class.

72.     Defendant ISAAC "BUTCH" YAMALI discussed and set Plaintiff REYES' rate of pay.

73.     Defendant ISAAC "BUTCH" YAMALI instructed Plaintiff REYES to perform certain tasks or duties throughout his employment, including telling him to clean and mop the floors plus retrieve items from various locations.

74.     Defendant ISAAC "BUTCH" YAMALI instructed Plaintiff SALAZAAR to clean up cigarettes and discarded trash at Malibu.

75.     Defendant ISAAC "BUTCH" YAMALI regularly instructed other employees to perform certain tasks or duties.

76.     Plaintiffs and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

77.     None of the exemptions of 29 U.S.C. § 213 applies to Plaintiffs or other similarly situated employees.

78.     Upon information and belief, the failure of Defendants to pay Plaintiffs and other members of the putative collective action their rightfully owed wages was willful.

79.     By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
NEW YORK OVERTIME WAGES

80.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 79 hereof.

81.     Defendants are engaged in business as restaurant and catering venues that are governed by the Hospitality Wage Order, 12 NYCRR § 146 et seq. and New York Labor Law Art. 19 and 6.

82.     12 NYCRR § 146-1.4 requires that lamn employer shall pay an employee for overtime at a wage rate of 11/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

83.     DOVER is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6), New York Labor Law Article 6 § 190 and the supporting New York State Department of Labor Regulations.

84.     ISAAC "BUTCH" YAMALI, is an employer within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6), New York Labor Law Article 6 § 190, and the supporting New York State Department of Labor Regulations.

85.     Plaintiffs and, upon information and belief other members of the putative class, regularly worked more than 40 hours a week while working for Defendants.

86.     Plaintiffs and upon information and belief as to other members of the putative class did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

87.     Plaintiff REYES regularly worked between 30 and 50 hours of overtime during a typical week during the summer season without overtime compensation. Plaintiff REYES would regularly work 70- to 90-hour weeks during the summer season without overtime compensation.

88.     Plaintiff SALAZAAR regularly worked between 30 and 50 hours of overtime during a typical week during the summer season without overtime compensation. Plaintiff SALAZAAR would regularly work 70- to 90-hour weeks during the summer season without overtime compensation.

89.     Consequently, by failing to pay Plaintiffs and members of the putative class overtime compensation, Defendants violated Article 19 of New York Labor Law § 663 and 12 NYCRR § 146-1.4.

90.     Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiffs and members of the putative class was willful.

91.     By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, damages, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
### SPREAD OF HOURS

92.     Plaintiffs repeat and re-alleges the allegations set forth in paragraphs  1 through 91 hereof.

93.     Defendants are engaged in the operations of restaurants and catering venues that are governed by the Hospitality Wage Order, 12 NYCRR § 146 et seq.

94.      12 NYCRR § 146-1.6 provides that "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

95.     Plaintiffs and, upon information and belief as to, other members of the putative class were not paid an additional hour's pay at the basic minimum hourly rate when they worked more than 10 hours in a day.

96.     Plaintiff REYES and Plaintiff SALAZAAR regularly worked over 10 hours in a day without an additional hour's pay at the basic minimum hourly rate.

97.     Consequently, by failing to pay Plaintiffs and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate when they worked more than  10 hours in a day, Defendants violated 12 NYCRR § 146-1.6.

98.     Upon information and belief, Defendants' failure to pay Plaintiffs and other members of the putative class wages was willful.

99.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to the Plaintiffs and other members of the putative class in an amount to be determined at trial, including damages, interest, and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA MINIMUM WAGE

100.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 99 hereof.

101.    Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than ... $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

102.    By failing to provide Plaintiffs SALAZAAR and REYES with compensation for all hours worked and by providing only a flat hourly rate, upon information and belief Plaintiffs hourly rate dropped to below the minimum wage rate required by the FLSA.

103.    Upon information and belief as to Plaintiffs and other members of the putative class were not compensated the minimum wage for all hours worked.

104.    The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

105.    By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
NYLL MINIMUM WAGE

106.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 105 hereof.

107.    Pursuant to New York Labor Law Article 19 § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than... $7.15 on and after January

1, 2007, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

108.    Upon information and belief, Defendants violated New York Labor Law Article 19 § 650, *et seq.* and the supporting New York State Department of Labor Regulations, including 12 NYCRR 142-1.2, by failing to pay the Plaintiffs and other members of the putative class wages, including minimum wages, for all hours worked in any given week.

109.    By failing to provide Plaintiffs SALAZAAR and REYES with compensation for all hours worked and by providing only a flat hourly rate, upon information and belief Plaintiffs hourly rate dropped to below the minimum wage rate required by NYLL.

110.    Upon information and belief, the failure of Defendants to pay the Named Plaintiff and other members of the putative class their rightfully owed wages was willful.

111.    By the foregoing reasons, Defendants have violated New York Labor Law Article 19 §650 *et seq.* and the supporting New York State Department of Labor Regulations, and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

112.    Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 111 hereof.

113.    Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiffs and other members of the putative class action, are protected for wage underpayments and improper employment practices.

114.    Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

115.    As persons employed for hire by Defendants, Plaintiffs and other members of the putative class action are "employees," as understood in NYLL § 190.

116.    Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

117.    The Plaintiffs and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of NYLL §§ 190, 191.

118.    Pursuant to NYLL § 191 and the cases interpreting the same, workers such as Plaintiffs and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

119.    Plaintiff REYES was typically required to work through his scheduled lunch break. However, his paychecks or compensation reflected that the lunch break had been taken out of his pay. This typically amounted to 30 minutes per day.

120.    Plaintiff REYES was not paid for all hours of work. His paystubs, paychecks or compensation indicated that he had not been compensated for all hours that he worked.

121.    Plaintiff REYES agreed to be paid $9.50 per hour upon his hiring and was only compensated with $9.00 per hour — regardless of the total number of hours worked.

122.    Plaintiff REYES also was not compensated for all hours worked, typically between 6 and 10 hours per week.

123.   Plaintiff SALAZAAR was not paid for all hours of work. His paystubs, paychecks or compensation indicated that he had not been compensated for all hours that he worked.

124.   Plaintiff SALAZAAR was not compensated for all hours worked, typically between 6 and 10 hours per week.

125.   In failing to pay the Plaintiffs and other members of the putative class proper wages for time worked in one week, Defendants violated NYLL § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due.

126.   Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

127.   By withholding wages for time worked in any given week from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

128.   Upon information and belief, Defendants' failure to pay Plaintiffs and other members of the putative class wages was willful.

129.   By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS:
WRITTEN NOTICE OF PAY RATES, WAGE NOTICE, AND PAY DAY

130.   Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 129 hereof.

131.    NYLL § 195 states that at commencement of employment an employer shall "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring... a notice containing... the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

132.    Plaintiffs, and upon information and belief other members of the putative class, did not receive notice pursuant to NYLL § 195.

133.    Plaintiffs SALAZAAR and REYES did not receive proper notice during their employment with Defendants.

134.    By the foregoing reasons, Defendants have violated NYLL § 195 and are liable to the named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, and attorneys' fees and costs.

**WHEREFORE,**  Plaintiffs, individually and on behalf of all other persons similarly situated, demand judgment:

(1) on their first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action against Defendants in an amount to be determined at trial, interest, attorneys' fees and costs;

(4) on their fourth cause of action against Defendants in an amount to be determined at trial,

plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(5) on their fifth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(6) on their sixth cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(7) on their seventh cause of action against Defendants in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs; and

(8) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
      April 10, 2013

                                 **LEEDS BROWN LAW, P.C.**

                                 Michael Tompkins
                                 Jeffrey K. Brown
                                 Daniel Markowitz
                                 1 Old Country Road, Suite 347
                                 Carle Place, New York 11514
                                 (516) 873-9550

                                 *Attorneys for Plaintiffs and the Proposed Putative Class*

                                      - and -

                                 KLEE & WOOLF, L.L.P.
                               Diane Mandleur, Esq.
                               350 Willis Avenue
                               Mineola, New York 11501
                               Phone: (516) 294-5775

                                 - and -

                               ERIC S. TILTON, P.L.L.C.

Eric Tilton, Esq.
 193 East Main Street
Babylon, New York 11702
T: (631) 629-5291

*Of Counsel to Plaintiffs'*